**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.<br><br>Plaintiffs,<br><br>v.<br><br>WAREHOUSE DEPOT, INC. d/b/a Supply Depot, Inc., SUPPLY DEPOT, INC. and PAUL ARBOR,<br><br>Defendants. | [redacted] 05 248 ML<br><br>Civil Action No. |

**PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, LP (together, "Hewlett-Packard"), by and through their undersigned attorneys, hereby respectfully apply to the Court for issuance of an Ex Parte Temporary Restraining Order and a Preliminary and Permanent Injunction (after notice and hearing).

This Application is based upon the accompanying Affidavit of counterfeit investigator Leslie Raynor, Verified Complaint, Memorandum of Law, and the proposed Order, together with their attachments, all filed herewith, and upon such other and further argument and submissions as this Court may entertain.

The grounds for this Application are that Defendants sold and offered for sale used products bearing counterfeits of Hewlett-Packard's trademarks, logos and packaging without authority from, and infringing upon the registered trademarks of, Plaintiffs, all as more fully set

forth in the accompanying Verified Complaint, Memorandum of Law and Affidavit.

*Ex parte* temporary restraining orders are necessary and appropriate in trademark infringement and counterfeit cases in order to preserve the status quo pending a hearing on plaintiff's motion for a preliminary and permanent injunction. Unless Defendants are immediately enjoined, they will continue to pass off their counterfeit goods, irreparably harming Hewlett-Packard and the public in the process. Further, *ex parte* relief is appropriate because if Defendants are given notice of this action, Defendants will likely destroy or remove from this District evidence and records relating to their counterfeiting activities, resulting in spoliation of evidence which will frustrate or extinguish Hewlett-Packard's ability to enforce its clear rights and remedies under applicable law.

WHEREFORE, Plaintiffs respectfully request that the Motion for Temporary Restraining Order be granted and that the Court enter a Preliminary and Permanent Injunction (after notice and hearing).

Dated: June 9, 2005

Respectfully,

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main St.
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY and
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P.

Of Counsel:
MARTIN R. GLICK
JEFFREY E. FAUCETTE
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation

WD 060205/1-107980073/1220964/v1