**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.,

Plaintiffs,

v.

WAREHOUSE DEPOT, INC. d/b/a Supply Depot, Inc., SUPPLY DEPOT, INC. and PAUL ARBOR,

Defendants.

[redacted] 05 248 ML

Civil Action No.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION**

## INTRODUCTION

Defendant Supply Depot, Inc. is engaged in the sale of products bearing counterfeit copies of Hewlett-Packard's federally-registered trademarks HP, HP logo and HP INVENT (collectively, the "HP Marks"). Supply Depot is marketing, distributing and selling inkjet printer cartridges bearing counterfeit copies of these marks. These inkjet cartridges appear to be used inkjet cartridges that have been refilled and placed in counterfeit packaging falsely indicating that the cartridges are new and manufactured by Hewlett-Packard. This was done deliberately and without the permission of Hewlett-Packard.

The only reason for these used inkjet cartridges to be mislabeled and sold in this way is to trick consumers into purchasing these goods as genuine and new rather than as used and refilled. Pursuant to the Lanham Act, Hewlett-Packard seeks an ex parte temporary restraining order and a preliminary and permanent injunction (after notice and hearing) enjoining Defendants from

continuing their wrongful activity.

*Ex parte* temporary restraining orders are necessary and appropriate in trademark infringement and counterfeit cases in order to preserve the status quo pending a hearing on plaintiff's motion for a preliminary and permanent injunction. *Lorillard Tobacco Co. v. Omar, LLC*, 2003 U.S. Dist. Lexis 16681 (D. Conn., Sep. 12, 2003); *Elaborate Bytes AG v. Emetrix, Inc.*, Case No. 050601385 (D. Utah. Apr. 13, 2005). Unless immediately enjoined, Defendants will continue to pass off their counterfeit goods as coming from or endorsed by Hewlett-Packard, irreparably harming Hewlett-Packard and the public in the process. Further, *ex parte* relief is appropriate because if Defendants are given notice of this action, Defendants will likely destroy or remove from this District evidence and records relating to their counterfeiting activities, resulting in spoliation of evidence which will frustrate or extinguish Hewlett-Packard's ability to enforce its clear rights and remedies under applicable law.

## STATEMENT OF FACTS[1]

Hewlett-Packard Company is an internationally known company specializing in computer hardware and software, printers, electronics, and other technical goods. Complaint ¶8. Hewlett-Packard owns several United States Trademark Registrations for the marks HP, HP logo and HP INVENT, including *inter alia*, HP (U.S. Registration No. 1840215); HP AND DESIGN (ROUNDED RECTANGLE) (U.S. Registration No. 1842724); and HP INVENT & DESIGN (U.S. Registration No.'s 2586062 and 2474422). *Id.* ¶9 & Ex. A. These marks have been in use for many years and are famous throughout the world, and Hewlett-Packard has the exclusive, nationwide right to use and to license the use of the HP Marks. *Id.* For many years, Hewlett-Packard has continuously used the HP Marks in connection with the promotion, advertising and sale of Hewlett-Packard computer printing supplies, including, *inter alia*, inkjet cartridges. *Id.* at ¶10.

---

1 Plaintiffs reserve the right to submit additional legal and factual support for the relief they seek herein.

Supply Depot is a marketer, distributor and seller of, among other items, printer ribbons, cartridges, and laser toner cartridges. Complaint ¶13. In particular, Supply Depot is marketing, distributing and selling used inkjet cartridges bearing the HP Marks in packaging that represent the used cartridges as new Hewlett-Packard cartridges. *Id.* Supply Depot is selling these cartridges via a toll-free telephone number, from a website at www.supplydepot.com and from an operation in Providence, Rhode Island. *Id.* ¶14.

In December 2004 and January 2005, investigators working on behalf of Hewlett-Packard obtained several inkjet cartridges that had been purchased directly from Defendants. *Id.* ¶15. Upon inspection of these cartridges in March by Hewlett-Packard's representatives, Hewlett-Packard learned that several of the cartridges of different types were actually used inkjet cartridges that had been refilled and placed in counterfeit packaging bearing the HP Marks in a manner that represents the cartridges as new Hewlett-Packard cartridges. *Id.* The counterfeit cartridges purchased from Supply Depot were of model numbers C6578DN and C1823D. *Id.* ¶16 & Ex. B.

In late February 2005, Hewlett-Packard's investigators made a second purchase from Supply Depot over the internet. Complaint ¶18. From this test purchase, Hewlett-Packard found additional counterfeit C6578DN and C1823D cartridges. *Id.* & Ex. C. In March 2005, a Hewlett-Packard investigator made a further purchase of a C1823D cartridge from Supply Depot in person at their Providence location. *Id.* ¶19. This cartridge also proved to be counterfeit upon examination by Hewlett-Packard. *Id.* & Ex. D.

Hewlett-Packard conducted one further test purchase from Supply Depot in May 2005. Complaint ¶20. All of the cartridges purchased were examined by Hewlett-Packard and determined to be counterfeit. *Id.* This purchase included C6578DN, C1823D and the 51645A cartridges. *Id.* & Ex. E.

## ARGUMENT

## I.

## PRELIMINARY RELIEF MUST BE GRANTED TO END IMMEDIATELY DEFENDANTS' INFRINGEMENT OF HEWLETT-PACKARD'S TRADEMARKS.

Hewlett-Packard seeks an immediate ex parte temporary restraining order and a preliminary and permanent injunction after notice and hearing against Defendants' continued advertising, sale and/or distribution of inkjet cartridges and other goods bearing counterfeit copies of Hewlett-Packard's registered marks. If Defendants are permitted to continue their use of Hewlett-Packard's marks during the pendency of this action, Hewlett-Packard will suffer irreparable injury.

### A. A Temporary Restraining Order And Preliminary Injunction Are Mandated Because The Required Elements Are Met.

It is black letter law in the First Circuit that a plaintiff may obtain a preliminary injunction against trademark infringement and unfair competition. To obtain a preliminary injunction in a trademark case, the plaintiff must establish: (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of harm favors the plaintiff; and (4) that an injunction serves the public interest. *American Bd. of Psychiatry & Neurology, Inc. v. Johnson-Powell*, 129 F.3d 1, 3 (1st Cir. 1997)

Here, Hewlett-Packard can readily demonstrate these factors because the flagrant activities of the Defendants in advertising, selling and/or distributing goods bearing identical copies of Hewlett-Packard's registered trademarks makes consumer confusion a certainty.

### B. Hewlett-Packard Is Likely To Succeed On The Merits.

Hewlett-Packard will likely prevail on the merits of its trademark infringement claim

against the Defendants. To do so, Hewlett-Packard need only show (1) that its mark was used in commerce by Defendant without the owner's s consent, and (2) that the unauthorized use was likely to cause confusion. *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22 (1st Cir. 1989); *see also Lois Sportswear, Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986); *Ladas v. Potpourri Press, Inc.*, 846 F. Supp. 221, 226 (E.D.N.Y. 1994).

**1. Defendants Are Using The HP Marks In Commerce.**

As stated above, Hewlett-Packard has multiple federal trademark registrations for the HP Marks. Complaint ¶ 1 & Ex. A. Registrations are "prima facie evidence of the trademark's validity, of the registrant's ownership of the mark, and of its exclusive right to use the mark in commerce on or in connection with the goods or services specified in the registration." *Chere Amie, Inc. v. Windstar Apparel Corp.*, 191 F. Supp. 2d 343, 347 (S.D.N.Y. 2001); *see also Equine Technologies v. Equitechnology, Inc.*, 68 F.3d 542 (1st Cir. 1995). Defendant has sold and continues to offer for sale goods bearing counterfeit copies of the HP Marks. *See* Raynor Declaration ¶¶ 3-6.

**2. Defendants' Use Of Counterfeit Copies Of The HP Marks Makes Confusion Inevitable.**

Likelihood of confusion is the central issue in Hewlett-Packard's claim for trademark infringement. This is true both for the federal counts under 15 U.S.C. Section 1114(1) and 15 U.S.C. Section 1125(a) and under the state count. Here, Defendant's use of counterfeit copies of the HP Marks on used and refilled inkjet cartridges makes confusion not only likely, but plainly inevitable.

The First Circuit's analysis of likelihood of confusion considers eight factors: (1) the similarity of the marks, (2) the similarity of the goods, (3) channels of trade, (4) advertising, (5) prospective purchasers, (6) evidence of actual confusion, (7) the defendant's intent in adopting its mark, and (8) the strength of the plaintiff's mark. *Beacon Mutual Ins. Co. v. OneBeacon Ins.*

*Group*, 376 F.3d 8 (1st Cir. 2004); *Pignons S.A. de Mecanique v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981).

Analysis of these factors overwhelmingly favors Hewlett-Packard:

The HP Marks are federally-registered trademarks, are highly distinctive and famous, and have been in use for a substantial period of time. Complaint ¶¶ 1, 8-12.

Defendants are selling competing goods bearing identical, counterfeit copies of the HP Marks. Raynor Decl. ¶¶ 4, 6, and 9.

Defendanta are selling directly competing goods, and in fact, is attempting to pass them off to consumers as new, genuine HP goods. Complaint ¶¶ 13-21; Raynor Decl. ¶¶ 4, 6 and 9.

Defendants' products are used and refilled despite being sold as new and genuine. If such cartridges fail to perform, customer complaints will be directed to Hewlett-Packard, harming Hewlett-Packard's reputation and goodwill.

**A. Unless Defendants Are Enjoined Immediately, Hewlett-Packard Will Suffer Further Irreparable Injury That Far Outweighs Any Potential Harm To Defendants.**

To protect the legitimate interests of trademark holders, federal courts have held that where a trademark owner has shown likelihood of success on the merits, irreparable harm is presumed. *Societe Des Produits Nestle et al. v. Casa Helvetia et al.*, 982 F.2d 633, 640 (1st Cir. 1992) ("irreparable harm flows from an unlawful trademark infringement as a matter of law") (citations omitted); *I.P. Lund Trading APS v. Kohler Co.*, 163 F.3d 27, 33 (1st Cir. 1998) ("irreparable harm may be shown even in the absence of actual injury to plaintiff's business based on plaintiff's demonstration of a likelihood of success on the merits on its claim") (citation omitted); *see also New Kayak Pools Corp. v. R&P Pools, Inc.*, 246 F.3d 183,185 (2d Cir. 2001). As demonstrated above, Hewlett Packard has demonstrated that it is likely to succeed on the merits. The Defendants are using Hewlett Packard's well known federally registered trademarks to sell

their own products. This will engender substantial consumer confusion that cannot be fully compensated in money damages and will impair the value of the HP marks to represent one source, HP. Given this showing, the Court should readily find the existence of irreparable injury to Hewlett-Packard. The Defendants cannot be heard to complain about irreparable harm when they have intentionally set out to trade on HP's marks and reputation. Accordingly, the requested injunction should enter in favor of Hewlett Packard.

## CONCLUSION

For all of the foregoing reasons, Hewlett-Packard respectfully requests that the Court grant its Order And Request for Preliminary and Permanent Injunction (after notice and hearing), and enter the Proposed Temporary Restraining Order in the form attached hereto.

Dated: June 9, 2005

Respectfully,

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main St.
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY and
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P.

Of Counsel:
MARTIN R. GLICK
JEFFREY E. FAUCETTE
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation

WD 060205/1-107980073/1220999/v1